9300

TOWN OF CHERAW v. McLEOD *ET AL.*

(88 S. E. 6.)

CRIMINAL LAW. STATUTES. TRIAL. FORMER JEOPARDY. JURORS. APPEAL AND ERROR. EXCEPTIONS.

1. APPEAL AND ERROR—EXCEPTIONS.—Exceptions will not be considered unless framed in conformity with rule 5 of the Supreme Court.
2. CRIMINAL LAW—ORDINANCES—VIOLATIONS.—Where subsequent to the offense the ordinance which defendants violated was repealed, and a similar one prescribing the same punishment immediately enacted, defendants may be punished under the last ordinance.

27—103

3. CRIMINAL LAW—TRIAL—FORMER "JEOPARDY."—In a prosecution in the mayor's Court against two defendants, the jurors, who were not placed in charge of an officer, left the jury room, separating on their own motion, leaving on the table a paper reciting that, being unable to agree in the case of one of the defendants, they had adjourned. The mayor ordered a mistrial, and on subsequent trial both defendants were convicted. *Held,* that neither defendant was in jeopardy by reason of the jury's action, and so they might be retried.

Before RICE, J., Cheraw, March, 1915.   Affirmed.

C. L. McLeod and L. H. McLeod, being convicted of violating the ordinance of the town of Cheraw, with reference to the storage and transportation of intoxicating liquors, appeal. The facts are stated in the opinion of the Court.

*Messrs. J. J. Evans* and *J. K. Owens,* for appellants, cite: *As to former jeopardy:* Cooley Const. Lim. (2d ed.) 327; 1 Bishop Crim. Law, sec. 1013; 1 Bailey 651; 47 S. C. 166. *Repeal of ordinance:* Endlich Interpretation of Statutes, sec. 478; 2 McC. 1.

*Messrs. Stevenson & Prince,* for respondent, cite: *As to repeal of ordinance:* 2 McC. 1, 8; 52 S. C. 468; 79 S. C. 101; 26 A. & E. Enc. of L. (2d ed.) 758 and 759; 2 Wall. 450. *Former jeopardy:* 1 Bailey L. 651; 27 S. C. 85; 47 S. C. 166; 54 S. C. 234, 237.

March 2, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

FOOTNOTE.—As to the effect of the simultaneous repeal and re-enactment of statute, see notes in 11 A. & E. Ann. Cas. 472, and 25 A. & E. Ann. Cas. 1912d, 539. As to effect of misconduct of jury on plea of former jeopardy, see notes in 14 L. R. A. (N. S.) 548. As to effect of order of mistrial, 1 A. & E. Ann. Cas. 118, 10 A. & E. Ann Cas. 1086, 32 Ann. Cas. 1914b, 774.

The defendants were arrested and tried and convicted upon a warrant charging C. L. McLeod with receiving and storing liquor for unlawful purposes, and L. H. McLeod with transporting liquor for unlawful purposes. An appeal was taken, and by consent the Circuit Court granted a new trial. On December 23, 1913, the case was again tried before a jury and the mayor. After the jury were charged with the case, the mayor and attorneys and audience retired, leaving the jury in the room to consider and deliberate on the case and arrive at a verdict. No officer was left in charge of the jury. After a considerable time spent by the jury in deliberating on the case they left the room and separating and dispersing on their own motion and of their own accord, leaving upon the table in the trial room, which they had been left in possession of as the jury room, a slip of paper containing the following: "Being unable to agree in the case of C. L. McLeod, we have adjourned." The mayor then ordered a mistrial. Later the case was called for trial and the attorneys for L. H. McLeod moved to have the case against L. H. McLeod dismissed on the ground he had been tried and put in jeopardy, and that the action of the jury in dispersing at the former trial was tantamount to an acquittal. This motion was overruled and the trial proceeded, and both defendants were convicted and sentenced, and duly appealed to the Circuit Court. Judge Rice affirmed the judgment of the lower Court, and defendants appeal and by four exceptions allege error on the part of the Circuit Court.

1    Exception one is such a palpable violation of rule 5 of this Court that it will not be considered.

The other exceptions raise two points.

Exceptions two and three raise the question: May one be tried and convicted under a criminal statute or 2 ordinance, which, subsequent to the commission of the offense, has been repealed and instantaneously re-enacted?

In this case here the evidence shows that ordinance No. 45-B was passed on February 20, 1907, and ordinance No. 95 repealed No. 45-B, and was passed August 13, 1913. Both ordinances provide for the same penalty and punishment for selling, receiving and storing liquor for unlawful purposes and transporting the same for unlawful purposes. The punishment inflicted in both ordinances is the same. The passage of one ordinance repealed the other, the birth of one was the death of the other. The simultaneous re-enactment was accomplished when the other was repealed.

We see no reason and know of no authority by which these exceptions should be sustained, and they are overruled.

The fourth exception raises the point: Could L. H. McLeod be put on trial again after the action of the jury at former trial, and was there error in not holding that the action of the jury resulted in an acquittal, he being once in jeopardy?

This exception must be overruled. There was no action on the part of the Court that in any manner affected L. H. McLeod's rights; they were not discharged by the Court, State's counsel or any person in authority without lawful cause. If they had been so discharged the defendant might have taken advantage of this and relied upon plea of former jeopardy; but in this case the jury discharged themselves. They were guilty of misconduct and contempt of Court in escaping as they did, and could have been punished for contempt of Court; but the mayor could not have summoned and reassembled them for the purpose of making them consider again the case and reach a verdict. The law has been well settled in this State from the time of the case of *State* v. *McKee,* 17 S. C. L. (1 Bailey's Law) 651, down to the present time.

In this case it says: "If the prisoner is found during the trial to be insane, or in a fit * * * or if one of the jury escape from his fellows and go off, etc."

In this case the jury escaped from each other and all went off, left the court room, and when the mayor returned he found the jury gone and escaped, and nothing to indicate there their whereabouts, and nothing to show what they had done except the paper left by them. All of this operated to discharge the jury, and to subject the defendants to a new trial; for the jury had practically escaped, left without lawful authority and certainty none from the Court or any officer of the Court in charge of them, and certainly not by the consent, suggestion or connivance of the prosecuting officer.

It would be a travesty upon justice under such circumstances to sustain the plea of former jeopardy and acquit the prisoner. .

All exceptions are overruled.

Judgment affirmed.